# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv112

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) ORDER |
| JACK BENTLEY ZALIAGIRIS; THOMAS EDWARD ZALIAGIRIS, JR.; ISABELLA KATHERINE ZALIAGIRIS; and BABY Z, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the court on plaintiff's Motion for Entry of Default as to Thomas Edward Zaliagiris, Jr. (#17). Counsel for plaintiff has made such motion despite: (1) serving such defendant outside the time allowed by Rule 4, Federal Rules of Civil Procedure; and (2) in apparent contravention of the instructions contained in this court's February 25, 2008, Order denying plaintiff's Motion for Extension of Time for Service of Process.

Accordingly counsel for plaintiff shall appear and show cause as to why he failed to comply with this court's Order, and, quite frankly, why he made application

-1-

to the Clerk of this court without first seeking a *nunc pro tunc* reopening and extension of the time for service, which could have easily been accomplished by a showing of excusable neglect. In Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court held, as follows:

> Our view that the phrase "excusable neglect" found in Bankruptcy Rule 9006(b)(1) is not limited as petitioner would have it is also strongly supported by the Federal Rules of Civil Procedure, which use that phrase in several places. Indeed, Rule 9006(b)(1) was patterned after Rule 6(b) of those Rules. Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." As with Rule 9006(b)(1), there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.
>
> * * *
>
> FN10. In assessing what constitutes "excusable neglect" under Rule 13(f), the lower courts have looked, inter alia, to the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party.

Id., at 391-92 (citations omitted; footnotes omitted).

Counsel may be able to avoid the show cause proceeding, and attain the relief he now seeks, by simply complying with the instructions contained in this court's

previous Order (and now seeks such relief *nunc pro tunc*), which was mandated by well settled case law. Otherwise, counsel may be heard Monday, April 14, 2008, at 12 noon in Asheville.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Entry of Default as to Thomas Edward Zaliagiris, Jr. (#17) is **DENIED** without prejudice, and counsel Eugene E. Lester III shall appear and show cause on April 14, 2008, at 12 noon in Asheville.

Signed: April 8, 2008

Dennis L. Howell
United States Magistrate Judge