IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07 cv 112

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>JACK BENTLEY ZALIAGIRIS, THOMAS )<br>EDWARD ZALIAGIRIS, JR., ISABELLA )<br>KATHERINE ZALIAGIRIS, and )<br>BABY Z., )<br>)<br>Defendants. ) | ORDER |

THIS CAUSE is before the court pursuant to an Order filed by the undersigned on April 8, 2008 directing plaintiff's counsel to appear and show cause why the plaintiff had not followed the instructions of this court set forth in an Order (#14) filed on February 25, 2008 regarding service of pleadings in this matter upon the defendants. Plaintiff's counsel responded on April 18, 2008 by filing a document entitled "Motion to Show Cause" (#21) which was actually a response to this court's Order of April 8, 2008. A hearing was held in regard to this matter on April 21, 2008 at which time counsel for the plaintiff appeared. From the records in this cause and the statements of counsel for the plaintiff at the hearing, the undersigned makes the following findings and enters the following Order:

**Findings**. On October 16, 2007 plaintiff filed a Complaint for Interpleader, pursuant to Rules 20 and 22 of the Federal Rules of Civil Procedure. In the complaint, the plaintiff alleges that on July 9, 2003 the plaintiff issued to Thomas Edward Zaliagiris, Sr. a life insurance policy with a death benefit of $350,000.00 payable upon his death. (Document #1, ¶ 9) The complaint further alleges that the

beneficiaries of the policy are "the children of Thomas Edward Zaliagiris, Sr." (¶ 10) In the complaint, it is alleged that on January 29, 2007 Thomas Edward Zaliagiris, Sr. died and at that time the following persons were the children of Thomas Edward Zaliagiris, Sr.: Jack Bentley Zaliagiris, a minor who is alleged to be a resident of Catawba County, NC; Thomas Edward Zaliagiris, Jr. who is a resident of Catawba County, NC; Isabella Katherine Zaliagiris a minor who is alleged to be a resident of Catawba County, NC. The complaint also alleges that Dawn Ewest is pregnant with the child of Thomas Edward Zaliagris, Sr. and that Ms. Ewest and the putative child of Thomas Edward Zaliagris, Sr. are citizens and residents of a state other than North Carolina. Further in the complaint, the plaintiff requested the court receive from the plaintiff the proceeds of the insurance policy and relieve the plaintiff from any form of liability and that each of the defendants be permanently restrained from instituting any action against the plaintiff. The plaintiff further prayed the defendants be required to interplead and settle between themselves the proceeds of the policy. After filing the complaint, the plaintiff had summons issued on October 17, 2007 for the following persons: Jack Bentley Zaliagiris, c/o of Rachel Carter; Thomas Edward Zaliagiris, Jr.; Isabella Katherine Zaliagiris, c/o Elizabeth Z. Reilly; and Jeffrey T. Mackie, Baby Z c/o Dawn Ewest. Plaintiff attempted to obtain waiver of service of summons from the defendants on November 12, 2007. Rachel Lee Carter signed a waiver of service of summons which stated she was guardian of minor child, Jack Bentley Zaliagiris. There has not been any filing of any document showing the status of Ms. Carter as a parent or showing her appointment as either a general guardian or a guardian ad litem for Jack Bentley Zaliagiris. A waiver of service of summons was executed on November 12, 2007 by Dawn Ewest stating that Ms. Ewest has signed

this document "as guardian of baby Z". There has not been any filing of any documents showing that Ms. Ewest is a parent or showing that Ms. Ewest had been appointed as either a general guardian or guardian ad litem for "Baby Z." The name of "Baby Z" was not disclosed. On February 21, 2008 the plaintiff filed a Motion for Extension of Time for Service of Process, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure. This motion was denied by the undersigned on February 25, 2008 due to the fact that the plaintiff had failed to show excusable neglect. The time for the service of summons in this matter expired on February 14, 2008 making the plaintiff's filing untimely. The undersigned denied the motion without prejudice. (#14) On February 26, 2008 the plaintiff filed a summons that had been issued to Isabella Katherine Zaliagiris, c/o Elizabeth Z. Reilly. The summons showed that service had been made on February 26, 2008 but there has not been any filing of any document showing the status of Ms. Reilly as a parent or her appointment as either a general guardian or a guardian ad litem for Isabella Katherine Zaliagiris. On March 5, 2008 the plaintiff filed a summons that had been issued to Thomas Edward Zaliagiris, Jr. showing service that had been made on March 4, 2008. On April 4, 2008 the plaintiff filed a Motion for Entry of Default as to Thomas Edward Zaliagiris. This court denied the motion and directed counsel for the plaintiff to appear and show cause why he had failed to comply with the order of the court of February 28, 2008 denying the plaintiff's Motion for Extension of Time for Service of Process. (#18) On April 18, 2008 plaintiff's counsel filed the document entitled "Motion to Show Cause". (#21)

**1. Extension of Time for Service of Process**

The complaint in this matter was filed on October 16, 2007 and summons was

issued on October 17, 2007. As a result and in accordance with Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff's time for completion of serving such process was February 14, 2008. As a result, the service upon Thomas Edward Zaliagiris, Jr. was untimely and the purported service upon Isabella Katherine Zaliagiris, a minor, was untimely. Due to the fact that the time period for service has expired, the court may extend the time for service of process if the plaintiff can show that plaintiff's failure to obtain service and failure to request an extension of time for service was the result of excusable neglect. <u>United States of America ex rel. Shaw Environmental, Inc. v. Gulf Insurance Company</u>, 225 F.R.D. 526 (E.D. Va., 2005)

> The decision whether to allow a late filing or extend a time period under Rule 6(b) is an equitable one, and the factors to be considered include: the danger of prejudice to the nonmovant, the length of delay and its potential impact on the judical proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993)

The plaintiff's counsel has explained that he attempted service upon the defendants by waiver of service as provided by Rule 4(d). Several of the defendants, through adults, advised plaintiff's counsel they would complete a waiver of service and then did not do so. Those defendants were Thomas Edward Zaliagiris, Jr. and Elizabeth T. Reilly who may be the mother of Isabella Katherine Zaliagiris. Service by waiver of service was accepted by Dawn Ewest purportedly as "guardian of Baby Z", however, the summons was directed to Jeffery T. Mackey. Service on behalf of Jack Bentley Zaliagiris was purportedly executed upon Rachel Lee Carter who may be the mother of Jack Bentley Zaliagiris. Answers have not been filed as to any minor defendant. The plaintiff has not filed any motions for appointment of guardian ad litems for the minor defendants. Plaintiff's counsel has advised the court that

many of the delays and failures in this matter to obtain service was because he was discussing settlement of the case with persons who were either parents of the minor children or spouses of parents. Plaintiff's counsel has informed the court that all of these adult persons expressed a desire not to file an answer or other pleading in regard to this case. Neither the plaintiff nor the adult persons who are dealing with plaintiff's attorney have attempted to protect the interest of the minor children in this matter. Considering the danger of prejudice to the minor defendants in this matter, the length of delay, the potential impact on the judicial proceedings caused by the delay of the plaintiff, the reasons for the delay and whether the plaintiff has acted in good faith, the court will find that excusable neglect has been shown and will enter an order allowing additional time for the plaintiff to serve each of the defendants in this matter, *nunc pro tunc.* The court shall further order that the plaintiff obtain service as required by Rule 4(c)(2) of the Federal Rules of Civil Procedure.

**2. Motions for Appointment of Guardian Ad Litems for Each Minor Defendant**

Rule 17(c) of the Federal Rules of Civil Procedure provides:

> **(c) Infants or Incompetent Persons**. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

As stated above, neither the plaintiff nor the adult persons whom plaintiff's counsel has contacted have made efforts to protect the minor defendants in this case.

5

For example, it has been represented that Dawn Ewest has been appointed as a guardian of the minor defendant "Baby Z." (#21-3) However, an examination of the document that was presented to support such a contention does not show the name of the person who was appointed as the general guardian of Jianna Steele Zaliagiris in a probate court of Scott County, MN, nor has there been any pleading that even shows that Jianna Steele Zaliagiris is "Baby Z."

The protection of the legal interest of minors and infants is of paramount concern to the judges of this district.

> There is no principal more universally recognized than the law than this: those who by reason of legal disability are unable to preserve for themselves their legal rights are deserving of having those rights assiduously protected by the courts, including courts of last resort. In Re. Thomas, 290 N.C. 410 (1976)

North Carolina General Statute 1-402 provides:

> If any petitioner is an infant, or the guardian of an infant, acting for him, no final order or judgment of the clerk, affecting the merits of the case and capable of being prejudicial to the infant, is valid, unless submitted to and approved by the judge, resident or holding court in the district.

The plaintiff has filed the complaint in this matter alleging jurisdiction by reason of diversity, pursuant to 28 U.S.C. § 1332. Both North Carolina law and federal law must be examined to insure the protection of the interest of the minor defendants in this case.

> A district court sitting in a diversity action must apply the law of the forum state including its choice of law rules. Klaxon Co. V. Stentor Elec. Mfg., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Fortress Re, Inc. v. Central Nat's Ins. Col, 766 F.2d 163 (4th Cir.1985). In tort actions, North Carolina courts adhere to the rule of lex loci and apply the substantive laws of the state in which the injuries were sustained. Charnock v. Taylor, 223 N.C. 360 361, 26 S.E.2d 911, 913 (1943); see also United Virginia Bank v. Air-Lift Assoc., Inc., 79 N.C.App. 315, 321, 339 S.E.2d 90, 93 (1986). In matters of procedure, North Carolina courts apply the rule of lex fori and adhere to the procedural rules of the

forum state. Charnock, 223 N.C. at 361, 26 S.E.2d at 913. Additionally, North Carolina law is dispositive on whether an issue is substantive or procedural. Williams v. Riley, 56 N.C.App. 427, 429, 289 S.E.2d 102, 104 (1982). [FN3] Eagle Nation, Inc. v. Market Force, Inc., 180 F.Supp.2d 752 (E.D.N.C., 2001)

This court also takes seriously the directive of Rule 17(c) of the Federal Rules of Civil Procedure and intends to makes such orders as are deemed proper for the protection of the minor defendants in this case. The court will order that the plaintiff file, within twenty-one days from the date of this order, a separate motion for the appointment of a guardian ad litem for each minor child involved in this action. The motion shall include a complete report of the investigation that the plaintiff and plaintiff's counsel has made to inquire into the fitness of the person to be appointed and showing that such person is capable and trustworthy. No person who has any interest hostile to any minor defendant in this matter shall be qualified to serve as a guardian ad litem. The motion shall further have attached to it a copy of the certified birth certificate of that specific minor child. This court shall then act upon the motions and appoint a guardian ad litem for each child if that person is deemed acceptable or the court will direct the plaintiff and plaintiff's counsel to perform further investigation and search for an appropriate guardian ad litem. The guardian ad litem must be a resident of the state of North Carolina.

### 3. Unknown Children

Inquiry was made by the court of plaintiff's counsel as to whether there may be children of the decedent, Thomas Edward Zaliagiris, Sr. other than those known at this time to the plaintiff or plaintiff's counsel. Plaintiff's counsel advised that he did not know whether there were any unknown children. The court inquired about whether or not plaintiff or plaintiff's counsel had made inquiry of the personal

representative of the estate of the decedent. Plaintiff's counsel advised that he did not know whether or not a personal representative had been appointed to administer the estate of Thomas Edward Zaliagiris, Sr.

This court considers it necessary that the plaintiff or plaintiff's counsel make a detailed and in-depth investigation to determine whether or not there are other persons, and particularly minor children, who may have a right to the proceeds of the life insurance policy in question in this case. The plaintiff and plaintiff's counsel shall file a complete report showing the nature and extent of the investigation performed and a listing of all persons and the addresses of the persons of whom the plaintiff and its counsel has made inquiry. Based upon the results of the report, this court may appoint another guardian ad litem to defend this matter on behalf of any unknown children of Thomas Edward Zaliagiris, Sr. The report shall be filed within twenty-one days from date of the entry of this order.

## ORDER

**WHEREFORE, IT IS THE ORDER** of the court that:

1. The plaintiff is **ALLOWED** an extension of time for service of process for a period of 180 days from and after February 18, 2008, *nunc pro tunc*.

2. That the plaintiff is **ORDERED** to obtain service upon each defendant in this matter as provided by Rule 4(c)(2) of the Federal Rules of Civil Procedure.

3. That within twenty-one (21) days of the filing of this Order, the plaintiff shall file separate motions for the appointment of a guardian ad litem for each minor child alleged to be a defendant in this action. Attached to the motion shall be a report of the investigation of the fitness of the person to act as a guardian ad litem for each

minor child in this matter and as provided for in this Order.

4. That within twenty-one (21) days of the appointment of a guardian ad litem, plaintiff's counsel is ordered to serve a copy of the summons and complaint upon each guardian ad litem in this matter with service as required by Rule 4(c)92) of the Federal Rules of Civil Procedure.

5. It is **ORDERED** that within twenty-one (21) days of the filing of this Order, plaintiff and plaintiff's counsel shall file a report of their investigation as to whether or not there are other children of the decedent of Thomas Edward Zaliagiris, Sr. as set forth in the body of this Order.

Signed: May 21, 2008

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge